# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

HARKRADER, GUARDIAN, v. BONHAM & ALS.    ·

July 9th, 1891.

Absent, *Richardson*, J.

1. GUARDIAN AND WARD—*Expenditures—Liability.*—Under Code, § 2605, the court must order sale, or sanction previous sale, of such of ward's personalty as may be necessary to pay proper expenditures beyond income; but neither ward personally nor his realty is liable therefor.
2. IDEM—*Sale of realty—Confirmation.*—Under Code, § 2609, the chancery court may order sale of ward's realty when it appears that his proper maintenance and education, or other interests require the proceeds beyond annual income thereof, to be applied for his use; but if, when the court is called upon to confirm such sale, the necessity therefor, which seemed to exist when the sale was ordered, shall have ceased, it is proper that the court should refuse to confirm the sale.

Appeal from two decrees of circuit court of Smyth county, rendered December 10th, 1889, and March 31st, 1890, respectively, in the cause of J. R. Harkrader, guardian of Ella Bonham, complainant, against Ella Bonham, infant, and others, defendants. Opinion states the case.

*A. M. Dickenson*, for appellant.

*F. S. Blair*, for appellee.

HINTON, J., delivered the opinion of the court.

This suit was brought for a double purpose. For whilst it is ostensibly a suit to sell the real estate of an infant, under section 2609 of the Code of 1887, which permits the sale of the lands of an infant, where it is made to appear that it is necessary for the future maintenance and education of such infant; one, if not the main object of the guardian, was to subject the proceeds of the sale of the land to the payment of an alleged claim of his against his ward. This distinctly appears from the averment of the bill that she owes her guardian $300 for clothes, schooling and board, an allegation, it is needless to say, entirely unnecessary, unless it was expected that a part of the proceeds of sale would be applied to the payment of the alleged debt. Indeed, it is apparent throughout the proceedings in the cause that this object animated the guardian as much as or more than the former consideration. The proceedings appear to have been conducted in accordance with the provisions of the statute for sale of the lands of infants mentioned above. The lands were exposed to sale, and knocked down to one W. L. Copenhaver, who was the highest bidder, at the price of $950. Subsequently the court, upon the petition of the infant, Ella Bonham, who was then a girl of eighteen years, set aside and refused to confirm the sale, and by a decree rendered on the 17th day of December, 1889, directed the land to be rented for a term not exceeding three years. When the land was offered for rent, after sundry bids had been made by at least three persons, it was, in the language of the commissioner, who does not seem to have been present, " bid in," or, as other persons who were present say, " knocked off " to the said guardian, J. R. Harkrader, who, we may safely assume from what appears in the record, did not wish that the land should be rented, but sold at the price of $55 per annum.

On the 31st March, 1890, the cause came on again to be heard on the motion of the complainant to have the above-mentioned sale confirmed, when the court, by its decree, held

that it had no power to enforce said sale, which, as we have
seen, was set aside by the decree December 10th, 1889,
" especially without notice to, or the assent of the purchaser.''
Whereupon the complainant appealed from each of these
decrees. But we perceive no error to the prejudice of the
appellant in either of them.

For, apart from the reason assigned by the learned judge of
the circuit court in the second of these decrees for his not
undertaking to confirm the sale to W. L. Copenhaver, neither
the ward, personally, nor her realty, is liable for this alleged
indebtedness to the guardian.   Section 2604 of the Code, 1887,
specifies the cases in which disbursements beyond the income
of the ward may be allowed.   Then follows section 2605,
which provides :

" When any such disbursements shall be so allowed, the
court shall, if necessary, order the sale of such portion of the
personal estate of said ward as may be necessary to pay the
balance of such expenditures over and above the income of
his estate, and may sanction any sale previously made which,
if it had not been so made, the court, at the time of allowing
such disbursements, would have ordered ; but *neither the ward
personally, nor his real estate shall be liable for such disbursements.*"

This statute being absolutely conclusive against the right of
the guardian to recover in this case, there being no personal
property, and the disbursements having been previously made,
it is clear that he can be affected by neither of these decrees.
Had he desired to protect himself against loss and to make
the real estate of the ward liable for her maintenance and edu-
cation, he could have done so in one, and only one way.   He
should, in advance of any disbursements or expenditures, for
these purposes, have proceeded under the provisions of section
2609 by a bill filed for the purpose, and made it appear that
the proper maintenance and education or other interests of the
infant, required that the proceeds of her real estate, beyond
the annual income thereof, should be applied to the use of the

infant. The guardian having failed to do this in the present case, the court cannot afford him the relief which he evidently contemplated he should obtain.

It seems to the court, also, that the decrees of the circuit court are eminently proper when viewed with respect to the interests of the infant. When the suit was instituted Ella Bonham was without the means of support, and without employment; now, as the record shows, she has passed an examination, and obtained a certificate from the superintendent of schools; has received the endorsement of the patrons around and about Mt. Carmel school-house, and seems in a fair way to make a decent support by teaching. Under these circumstances we can see no reason why she should not be permitted to retain instead of selling her land. What at first appeared to be a necessity, no longer appears to be so. It was, therefore, proper in the court not to confirm the sale which seems to have been for an inadequate price.

As the suit was brought, however, at a time when there appeared to be a necessity for a sale, and the ward united in the application, it seems to us right that her land should be rented out until the costs of suit have been extinguished.

The decrees appealed are affirmed, and the cause is remanded to be further proceeded in to final decree in accordance with the views herein announced, and the decree to be entered by this court.

DECREE AFFIRMED.